UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CARNEICE KATHRINE HALL-JOHNSON,**<br><br>       Plaintiff,<br><br>   vs.<br><br>**GOLDEN GATE REGIONAL CENTER INC., ET AL.,**<br><br>       Defendants. | CASE NO. 19-cv-04177-YGR<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 33 |

Now before the Court is a motion to dismiss plaintiff Carneice Hall-Johnson's first amended complaint ("FAC"), filed by defendants Golden Gate Regional Center, Inc. and Tessa McGarvey. Having carefully considered the pleadings and papers submitted, and for the reasons set forth below, the Court **GRANTS** defendants' motion **WITHOUT PREJUDICE**.[1]

1.   As an initial matter, the Court excuses plaintiff's five-day delay in filing her opposition brief. Plaintiff is a *pro se* litigant who, according to the FAC, lives with developmental disabilities. Moreover, the instant motion was briefed during the COVID-19 public health crisis. Under the circumstances, the Court will consider plaintiff's untimely-filed opposition.

2.   **Plaintiff's claims are dismissed on the ground that they are time-barred.**[2]

Claims brought under 42 U.S.C. section 1983 are governed by the forum state's statute of limitations for personal injury actions, *Bird v. State of Hawaii*, 935 F.3d 738, 743 (9th Cir. 2019),

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds the motion appropriate for decision without oral argument.

[2] In the FAC, plaintiff appears to assert claims under 42 U.S.C. section 1981, 42 U.S.C. section 1983 (for violations of the Fourteenth Amendment), and Title VI, section 601 of the Civil Rights Act of 1964. Defendants also construe the FAC as such. To the extent plaintiff intended to pursue different causes of action, she should clarify in any amended complaint.

1   which in California, is two years, Cal. Code Civ. P. § 335.1.  Claims brought under Title VI,
2   section 601 of the Civil Rights Act of 1964, codified at 42 U.S.C. section 2000d, are governed by
3   the same limitations period as section 1983 claims.  *Taylor v. Regents of the Univ. of Calif.*, 993
4   F.2d 710, 712 (9th Cir. 1993).  Claims brought under 42 U.S.C. section 1981 are governed by a
5   four-year statute of limitations.  *Johnson v. Lucent Technologies, Inc.*, 653 F.3d 1000, 1003 (9th
6   Cir. 2011).  Barring an exception, "a claim accrues when the plaintiff knows or has reason to know
7   of the injury which is the basis of the action." *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001)
8   (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 992 (9th Cir. 1999)).

Plaintiff initiated this case on July 19, 2019.  In the FAC, plaintiff alleges that a former employee of defendant Golden Gate Regional Center ("GGRC") first told her that she would no longer be receiving services on account of her race around her 18th birthday**. This appears to have been in or around 2012**, well outside the statute of limitations period.  Said differently, the statute of limitations would have run some time in 2016.  Plaintiff did not file her complaint until 2019.

Plaintiff alleges that after this initial denial of services, defendant Tessa Garvey refused to provide plaintiff with services "under the orders and guidance of [GGRC's] discriminatory policies and practices."  Plaintiff also alleges that at some point, her mother visited defendants' office and observed Garvey acting more favorably towards an "older, white female" seeking the same services as plaintiff.  Plaintiff does not identify when these events took place.  Even if she had, however, the implementation of defendants' initial denial of benefits does not constitute an independent violation for statute of limitations purposes.  *See Bird*, 935 F.3d at 748 (finding section 1983 claim untimely where "the deprivation of liberty that Bird continues to suffer is best understood as the "continuing impact from [a] past violation"); *Knox*, 260 F.3d at 1013 (repeated denials of prison visitation rights "did not constitute a continuing due process violation because each of the subsequent denials merely implemented the original suspension and did not represent an independent violation").[3]

---

[3] In her opposition, plaintiff argues that the events giving rise to her claims occurred in March, May, and June 2019.  At most, however, the FAC alleges that defendants ignored multiple

2

In addition, plaintiff alleges that in June 2019, defendant refused plaintiff's request to complete a "reasonable accommodation request form, necessary for [plaintiff] to take a custodian test" with the City and County of San Francisco. The Court cannot determine, based on the pleadings, whether plaintiff alleges that this conduct was a continuation of defendants' earlier discriminatory conduct or an independent violation falling within the statute of limitations period. Without additional context, this allegation alone cannot save plaintiff's otherwise untimely claims.

3. Plaintiff's section 1981 claim fails for the additional reason that plaintiff has not alleged sufficient facts regarding the impairment of a contractual relationship. Section 1981 prohibits discrimination in the making and enforcement of contracts by reason of race, national origin, or ancestry. *Johnson v. Riverside Healthcare Sys., LP,* 534 F.3d 1116, 1122 (9th Cir. 2008). The making and enforcement of contracts refers to "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). Here, plaintiff alleges that she "attempted to contract for certain services with the Regional Center" and "was denied the right to contract for those services," but the crux of plaintiff's claims appears to be that she was denied benefits conferred by statute, namely, the Lanterman Act. If plaintiff intends to pursue a section 1981 claim, any amended complaint must include factual rather than conclusory allegations regarding a potential or existing contractual relationship.

4. For the foregoing reasons, defendants' motion is hereby **GRANTED**. However, because the Court cannot determine whether any amendment would be futile, out of an abundance of caution, the dismissal is **WITHOUT PREJUDICE**. Any second amended complaint must be filed within **thirty (30) days** of issuance of this Order. No new claims or parties may be added without leave of court or stipulation of the defendants. Any response to the second amended complaint is due **fourteen (14) days** after plaintiff's filing. Defendants may not bring any new arguments that could have been raised in this motion.

---

requests for assistance in March 2018 and from March to June 2019. As explained, plaintiff does not identify when any specific incident that might constitute an independent violation occurred.

3

This Order terminates Docket Number 33.

**IT IS SO ORDERED.**

Dated: May 13, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**