1

2

3                    **UNITED STATES DISTRICT COURT**

4                  **NORTHERN DISTRICT OF CALIFORNIA**

5

6    **CARNEICE KATHRINE HALL-JOHNSON,**          CASE NO.  19-cv-04177-YGR

7                Plaintiff,

8          vs.                                    **ORDER GRANTING MOTION TO DISMISS**
                                                   **SECOND AMENDED COMPLAINT**
9    **GOLDEN GATE REGIONAL CENTER INC., ET**      Re: Dkt. No. 40
     **AL.,**
10
                Defendants.
11

12          This is the second round of briefing on the complaint filed by *pro se* plaintiff Carneice

13   Kathrine Hall-Johnson against defendants Golden Gate Regional Center Inc. ("GGRC") and Tessa

14   Garvey.  In its prior order, this Court granted defendants' motion to dismiss on the grounds that

15   (i) plaintiff's claims, as alleged, were time-barred and (ii) plaintiff failed to plead sufficient facts

16   to state a claim under 42 U.S.C. section 1981.  Now before the Court is defendant's motion to

17   dismiss the second amended complaint ("SAC").

18          With respect to timing, the Court previously noted that the earliest allegations in the FAC

19   appeared to date back to 2012, meaning the filing of the complaint in 2019 occurred well outside

20   the two- and four-year statutes of limitations applicable to plaintiff's claims.  In the SAC, plaintiff

21   clarifies her claims, alleging that her parent first became aware of defendants' discriminatory

22   policy in 2012, when a GGRC employee informed the parent that GGRC would not continue to

23   provide plaintiff with services on account of her age and race.  Plaintiff further alleges, as she did

24   in the FAC, that defendants repeatedly ignored her requests for services in 2018 and 2019.

25   Thereafter, on June 10, 2019, plaintiff's parent allegedly informed plaintiff of defendants'

26   discriminatory policy, shortly after the parent observed disparate treatment at defendants' office.

27          As the Court previously explained, "a claim accrues when the plaintiff knows or has reason

28   to know of the injury which is the basis of the action."  *Knox v. Davis*, 260 F.3d 1009, 1013 (9th

*United States District Court*
*Northern District of California*

Cir. 2001) (citation omitted).  Further, the Ninth Circuit has stated that the "injury" component refers to "the actual injury," *i.e.*, the denial of benefits, rather than the legal wrong, *i.e.*, that there was an allegedly discriminatory motive underlying that denial of benefits.  *Lukovsky v. City and County of San Francisco*, 535 F.3d 1048, 1051 (9th Cir. 2008).  Here, the SAC alleges that the initial "actual injury" occurred in 2012, when GGRC told plaintiff's parent that it would no longer provide plaintiff with services.  Therefore, as alleged, plaintiff's claims began to accrue in 2012.  Under *Lukovsky*, it makes no difference that plaintiff did not become aware of the allegedly discriminatory policy until 2019.  Nor does it matter, for statute of limitations purposes, that defendants allegedly ignored or denied plaintiff's requests for services in 2018 and 2019.  The Court previously held that the implementation of the initial denial of benefits did not constitute an independent violation for statute of limitations purposes, and the SAC does not cure this deficiency.  Thus, plaintiff's claims as alleged in the SAC are time-barred.

The Court also finds that further amendment would be futile.  Plaintiff already has had one opportunity to amend, and based on the facts alleged, there is no reason to think plaintiff will be able to establish some alternate timeline of events that would satisfy the statutes of limitations in this case.

Accordingly, defendants' motion to dismiss is **GRANTED WITH PREJUDICE**.  The Clerk is directed to close the case.

This Order terminates Docket Number 40.

**IT IS SO ORDERED.**

Dated: September 15, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**